IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT EUGENE NEISSER,<br>*Defendant*. | CRIMINAL No. ELH-21-0186 |

**MEMORANDUM**

In an Indictment filed on May 26, 2021 (ECF 1), defendant Robert Neisser was charged with distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(b)(1)(C) (Count One); conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count Two); and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C) (Count Three).

Pursuant to a Plea Agreement (ECF 34), defendant entered a plea of guilty to Count Two on January 6, 2022. ECF 33; ECF 34. On May 27, 2022, the Court sentenced defendant to 36 months of incarceration. ECF 69; ECF 70, ECF 72 (Amended Judgment).

Defendant, who is now self-represented, filed correspondence construed as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 86 (the "Motion"). He asks the Court to "review [his] case to determine eligibility . . . ." *Id.*

The government opposes the Motion. ECF 90 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 because defendant's "guidelines range was not subject to any sentencing guidelines which have been retroactively changed." *Id.* at 1. The government contends that defendant's "criminal history category remains a V, and he did not present with zero criminal history points at the time of sentencing." *Id.* at 2.

1

Defendant asks for representation by the Office of the Federal Public Defender ("FPD"). ECF 86 at 1. But, the FPD has provided notice to the Court that it does not intend to supplement the Motion. ECF 88. Defendant has not replied.

I see no basis for the appointment of counsel, as defendant is able to articulate his position. And, no hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I. Factual and Procedural History

The Plea Agreement (ECF 34) contains a detailed stipulation of facts. *Id.* at 9-10. The stipulation established that defendant conspired with Coconspirator One to distribute cocaine, cocaine base, and fentanyl. *Id.* at 9.

On November 4, 2018, Harford County Sheriff's deputies responded to a call of a fatal overdose at a home in Joppa, Maryland. When EMS arrived at the scene, two subjects were found. Victim One was found to be deceased but Victim Two was revived with a dose of Narcan and transported to the hospital. *Id.* at 9.

In one of the bedrooms, the deputies found "a line of powder on a book on the dresser and a piece of a red straw." *Id.* "The white powder was tested" and it was "determined to be Fentanyl." *Id.* The cause of death for Victim One was "Acute Intoxication by combined Fentanyl and Cocaine." *Id.* During the search of the residence, deputies seized a cellphone that belonged to Victim One. *Id.* Victim One's cellphone revealed that he had been in contact with the defendant. *Id.*

Victim Two told investigators that Victim One would obtain drugs from defendant and defendant's coconspirator.

The defendant was on house arrest and living at his mother's residence at the time of Victim One's overdose. According to the cellphone communications between Victim One and the defendant, during the night in question, defendant arranged for Victim One to meet with Coconspirator One at Ram's Auto so that Victim One could purchase drugs. *Id.*

A search of Coconspirator One's residence on April 18, 2019, yielded 126 grams of cocaine. In addition, 28 grams of cocaine base and 48 grams of cocaine were recovered from Coconspirator One's person. *Id.*

As noted, sentencing was held on May 27, 2022. ECF 69. The defendant had a final offense level of 21, and a criminal history category of V. The Court adopted the government's recommendations and imposed a below Guidelines sentence of 36 months of imprisonment. ECF 71.

Defendant was incarcerated at FCI Allenwood Low in Pennsylvania. https://www.bop.gov/inmateloc/ (search by BOP Register Number 48504-509). On April 2, 2025, he was released and is now on supervised release.

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on*

*other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam); *see also United States v. Barrett*, 2025 WL 920997 (4th Cir. Mar. 27, 2025); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.

Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). Part A pertains to criminal history and so called "status points." *Id.* Previously, two points were added to a defendant's offense level if the defendant committed the underlying offense while under a criminal justice sentence. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e). But, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). Notably, the amendment eliminated any status points for a defendant who

4

"has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

### III. Discussion

Defendant believes that he may be entitled to a sentence reduction. ECF 86 at 1. At the time of the underlying offense, defendant was on probation for the offense referenced in the Presentence Report ("PSR"). *See* ECF 45, ¶ 41. Two points were added. This increased his initial criminal history score from nine points to eleven points. *Id.* ¶ 42.[1] Nine points yields a criminal history category of IV. Eleven points results in a criminal history category of V. ECF 90 at 2. But,

---

[1] Several of defendant's prior offenses did not score points. *See* ECF 45, ¶¶ 30-32, 38-39.

if sentenced today, defendant would only receive one additional one point. However, even with a total of ten points, defendant's criminal history category would remain a V.

Defendant clearly does not satisfy Part B of Amendment 821. Even as revised, he has 10 criminal history points. Nor does the reduction in criminal history points impact defendant's offense level, which was the concern in *Barrett*, 2025 WL 920997.

As indicated, the government recommended a below Guidelines sentence of 36 months of imprisonment, to be followed by a period of 36 months of supervised release. ECF 57 at 3. The government asserts that defendant "is not eligible for any relief because he was not sentenced under a guidelines range that has now been lowered under Amendment 821." ECF 90 at 3.

Section 3582(c)(2) of 18 U.S.C. permits a court to modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . . ." (Emphasis added). *Id.* at 4. The advisory sentencing range itself has not been lowered.

### III. Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 86). An Order follows, consistent with this Memorandum.

Date:  April 9, 2025                                           /s/
                                                               Ellen Lipton Hollander
                                                               United States District Judge